UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE HOUSTON,

    Plaintiff,

v.                                                 Case No:   2:13-cv-152-FtM-38DNF

HESS CORPORATION,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #45) filed on December 6, 2013. Plaintiff filed a response in opposition on January 5, 2014. (Doc. #50). This matter also comes before the Court on Plaintiff's Motion for Judicial Notice on January 14, 2013. (Doc. #53). Defendant filed a response in opposition on January 22, 2013. (Doc. #54). These two motions are now ripe for review.

## Background

On March 6, 2013, Plaintiff Joe Houston filed his one count Amended Complaint alleging Defendant Hess Corporation (hereinafter "Hess") discriminated against Houston in violation of the Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (hereinafter "ADA"). (Doc. #8). Specifically, Houston who is disabled and uses a wheelchair alleges Hess denied him access to full and equal enjoyment of the goods,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

services, facilities, privileges, advantages, or accommodations at the Hess establishment. (Doc. #8). In addition, Houston alleges Hess failed to ensure individuals with disabilities are not treated differently because of the absence of auxiliary aids and services. (Doc. #8). Houston specifically seeks injunctive relief, attorney's fees, litigation expenses, and costs. (Doc. #8). Hess has brought this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) with the argument that this matter is now moot. In addition, Houston has brought a Motion for Judicial Notice requesting the Court to take notice that Hess has been sued numerous times in Florida with regard to similar ADA violations.

## Standards

Motions brought pursuant to Federal Rule of Civil Procedure 12(b)(1) contest the subject matter jurisdiction of the case. These motions may attack subject matter jurisdiction facially or factually. Lamb v. Charlotte County, 429 F.Supp.2d 1302, 1035 (M.D. Fla. 2006) (citing Morrison v. Amway Corp., 323 F.3d 920, 923 n.5 (11th Cir. 2003)). The Court reviews facial and factual attacks differently.

If the motion contests the jurisdiction facially, then the court reviews the relevant pleadings to determine if a plaintiff has properly alleged subject matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (citations omitted). In this review, the Court accepts the allegations in the pleadings as true. Id. at 1529. Whereas, if the motion contests the jurisdiction factually, then the court reviews the relevant facts and extrinsic evidence to determine if jurisdiction is proper. Id. In factual attacks, a plaintiff bears the burden of establishing that the Court has jurisdiction in the case. Lamb, 429 F.Supp.2d at 1305 (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.

1980)). A plaintiff must "clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Lamb, 429 F.Supp.2d at 1305-06 (citing Warth v. Seldin, 422 U.S. 490, 518 (1975)).

Courts are only permitted to adjudicate actual controversies. Accordingly, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Troiano v. Supervisor of Elections, 382 F.3d 1276, 1282 (11th Cir. 2006) (citing Al Najjar v Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). Therefore, if events occur after the filing of a lawsuit that deprive the court of the ability to provide meaningful relief, then the case is moot and must be dismissed. Id.

Whether a matter in controversy has been mooted is determined by a stringent standard. Scott v. Cash To Go, Inc., No. 6:13-cv-142-Orl-37KRS, 2013 WL 1786640, at *2 (M.D. Fla. Apr. 26, 2013) (citing Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)). A case may become moot if a defendant shows the allegedly wrongful behavior could not reasonably reoccur. Id. Courts within the Eleventh Circuit review three factors to determine whether a defendant's conduct can be expected to reoccur. Id. These three Sheely factors are whether the challenged conduct was isolated or unintentional, whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit, and whether the defendant has acknowledged liability when ceasing the conduct. Id. (quoting Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1184 (11th Cir. 2007)).

With regard to the motion for judicial notice, Rule 201(c)(2) of the Federal Rules of Evidence states a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Further, the "court may take judicial notice of a

document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992)). Therefore, judicial notices of related court cases can only be taken for two limited purposes. Either to recognize the judicial act that the order represents or to recognize the subject matter of the litigation. Allstate Insurance Company v. Estate of Robert M. Levesque, No. 8:08-cv-2253-T-33EAJ, 2010 WL 2978037, at *1 (M.D. Fla. July 29, 2010) (citing Jones, 29 F.3d at 1553; In re Delta Res., Inc., 54 F.3d 722, 725-26 (11th Cir. 1995); Johnson v. Clark, 2:03-CV-490-FtM-33DNF, 2006 WL 289107, at *2 (M.D. Fla. Feb. 07, 2006)). These kinds of notices can be taken without converting the motion to dismiss to a motion for summary judgment. Universal Express, Inc. v. U.S. S.E.C., 177 Fed.App. 52, 53 (11th Cir. 2006) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)).

## Discussion

Title III of the ADA provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

Public establishments must maintain certain accommodations pursuant to the ADA. Consequently, when a public establishment fails to comply with the ADA requirements this failure is defined as discrimination. National Alliance for Accessibility, Inc. v. Walgreen Co., No. 3:10-CV-780-J-32-TEM, 2011 WL 5975809, at *1 (M.D. Fla.

4

Nov. 28, 2011); Hoewischer v. Cedar Bend Club, Inc., No. 3:11-cv-1040-J-37TEM, 2013 WL 1155783, at *1 (M.D. Fla. Mar. 14, 2013) ("Discrimination includes the 'failure to remove architectural barriers [to access] … where such removal is readily achievable.'") (citing 42 U.S.C. § 12182(b)(2)(A)(iv)). If a public establishment violates the ADA requirements, then a court may issue an injunction requiring a defendant "to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." National Alliance for Accessibility, 2011 WL 5975809 at *1 (citing 42 U.S.C. § 12182(b)(2)(A)(iv)). A prevailing plaintiff is not entitled to damages but may recover reasonable attorney's fees. Id.

    *i.*    *Motion to Dismiss*

Hess contends all architectural barriers complained of by Houston are now ADA compliant through remediation or reasonable accommodation.[2] (Doc. #45, ¶10). Now that the issues have been remedied, Hess contends this matter is now factually moot. Hess further demonstrates that David Goldfard, who Hess labels as an ADA compliance expert, has performed an inspection of the subject property and has determined that the subject property is now compliant with building and ADA standards as of November 18, 2013.

In addition, Hess contends the current evidence in relation to this matter demonstrates Hess has invested substantial time and effort into improving its property and making the complained of violations compliant to ADA and other building standards. For example, Hess contests a ramp was built, the sidewalks have been widened, and the bathroom has been appropriately altered to allow proper access. Hess has also instated

---

[2] This specific property is considered an "old building" because it was built in 1955. Therefore, this property pursuant to the ADA is required to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

5

a policy where employees are trained to actively assist disabled individuals who need assistance obtaining products beyond their reach. Hess further states it would be unreasonable to think Hess would remove the improvements or otherwise violate the ADA after this case is dismissed. Hess states the ADA violations appear to have been unintentional and unknowing especially in light of the fact that Hess contracted with a company to remedy ADA violations prior to Houston's visit to the subject property. Finally, Hess states its remedies were made in a sincere fashion.

In response, Houston contends that an announcement by a defendant that it is no longer violating the ADA alone is insufficient to moot the case. Houston argues the standard to moot a matter is stringent and that Hess here has not met its heavy burden. Houston also maintains that Hess has been sued repeatedly, throughout the State of Florida, and therefore cannot maintain that it was ignorant of what the ADA requires. Houston has acquired an ADA expert, Peter Lowell, who documented Hess' premises to not be in compliance with the ADA standard as of September 9, 2013. Houston further contends that a promise of future compliance does not mean an injunction is not required to assure a defendant will not comply with the ADA in the future. Houston also contest whether Hess has truly admitted liability in this matter.

Having reviewed the arguments, case law, and record, the Court finds it is not conclusive whether this matter is moot. Although it is clear that some changes have been made and Goldfarb conducted a survey of the Hess Gas Station, the record does not demonstrate conclusively "[t]hat all items alleged to be barriers in the Complaint filed against said gas station have been corrected and now comply with" the ADA, ADAAG, and FACBC. ([Doc. #45-2, at 7](Doc. #45-2, at 7)). That is, the record does not decisively support that a

ramp was actually built, sidewalks were widened, the bathroom was altered, and an employee policy was instated as argued by Hess. (Doc. #45-1, ¶12) (stating "[o]n or about November 18, 2013, the contractor completed the remediation and reasonable accommodation work"). The details of the work that was performed have not been established in the record. Furthermore, Lowell allegedly visited Hess again and determined that violations still existed. (Doc. #55; Doc. #55-1). Therefore, the record does not demonstrate that this matter is indeed moot.[3] For these reasons, the Court will deny the motion to dismiss.

    ii.    *Judicial Notice*

Plaintiff Joe Houston requests the Court to take judicial notice pursuant to Rule 201 of the Federal Rules of Civil Procedure that Hess has been sued numerous times in Florida for similar ADA violations. Houston specifically cites to four lawsuits in the Middle District of Florida and six lawsuits in the Southern District of Florida.[4] These cases involve different properties than the property at issue in this matter. Houston would like the Court to take judicial notice of these other cases to establish that Hess has not proven that this matter is moot in relation to the Sheely factors. The Court has found that this overall matter is not moot, and that there is a debate as to whether the Hess property complies

---

[3] The Court will not address the three Sheely factors here because it is unclear whether the non-compliant ADA issues have ceased.

[4] The four cases in the Middle District of Florida are Access 4 All, Inc. v. Amerada Hess Corp., 6:02-cv-1557-GAP; Hoewischer v. Hess, 3:10-cv-1003; Spalluto v. Hess, 6:08-cv-72-JA-DAB; and Access 4 All, Inc. v. Hess, 6:10-cv-566-GAP-DAB. The six cases in the Southern District of Florida are Disabilities Advocates and Counseling Group, Inc. v. Amerada Hess Corp., 05-cv-61892; Disability Advocates v. Amerada Hess, 1:04-cv-22949-DLG; Disability Advocates, et al. v. Specon VI, LLC, 1:05-cv-23249-CMA; Disability Advocates and Counseling Group, Inc. et al. v. Amerada Hess Corp., 4:08-cv-10018-JLK; Disability Advocates and Counseling Group, Inc. et al. v. Hess Realty Corp., 1:07-cv-20615-MGC; and Spence v. Hess Mart, Inc., [_:]13-cv-62141.

with the requirements of the ADA. The Court did not need to address the three Sheely factors, and therefore, Houston's request to take judicial notice is now moot.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #45) is **DENIED**.

2. Plaintiff's Motion for Judicial Notice (Doc. #53) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of March, 2014.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record