UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE HOUSTON,

    Plaintiff,

v.                                            Case No: 2:13-cv-152-FtM-38DNF

HESS CORPORATION,

    Defendant.
_____/

# **ORDER**[1]

This matter comes before the Court on Plaintiff Joe Houston's Motion for Summary Judgment and a memorandum of law filed on November 7, 2013. (Doc. #36; Doc. #36-3). Defendant Hess Corporation filed a response in opposition on December 6, 2013. (Doc. #46). This matter is now ripe for review.

## **Background**

Houston is disabled and uses a wheelchair. (Doc. #36-1, ¶¶3-4). Hess Corporation maintains a place of public accommodation located in Clewiston, Florida. (Doc. #36-1, at ¶6; Doc. #36-2, at ¶2). Houston visited the Hess property prior to the filing of this lawsuit "to get something to eat and to check the location for ADA compliance." (Doc. #36-1, ¶6). During his visit, Houston experienced and observed conditions on the Hess property that denied him the opportunity to enjoy equal access to the full advantages, benefits, goods

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

and services available at the property. (Doc. #36-1, ¶7). For example, Houston was unable to maneuver the facility in a continuous path of travel free from obstructions and observed that the restroom lacked proper grab bars. (Doc. #36-1, ¶7). Due to these barriers, Houston asserts he was treated differently than members of the non-disabled public. (Doc. #36-1, ¶¶7-8).

On March 6, 2013, Plaintiff Houston filed his one count Amended Complaint alleging Defendant Hess Corporation discriminated against Houston in violation of the Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (hereinafter "ADA"). (Doc. #8). Specifically, Houston alleges Hess denied him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at the Hess establishment. (Doc. #8). In addition, Houston alleges Hess failed to ensure individuals with disabilities are not treated differently because of the absence of auxiliary aids and services. (Doc. #8). Houston specifically seeks injunctive relief, attorney's fees, litigation expenses, and costs. (Doc. #8). Houston has now moved for summary judgment stating there is no material dispute in this matter. (Doc. #36, Doc. #36-3). Hess has responded in opposition. (Doc. #46).

**Standard**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of

showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-23. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

### Discussion

Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

Public establishments must maintain certain accommodations pursuant to the ADA. Consequently, when a public establishment fails to comply with the ADA requirements this failure is defined as discrimination. National Alliance for Accessibility, Inc. v. Walgreen Co., No. 3:10-CV-780-J-32-TEM, 2011 WL 5975809, at *1 (M.D. Fla. Nov. 28, 2011); Hoewischer v. Cedar Bend Club, Inc., No. 3:11-cv-1040-J-37TEM, 2013 WL 1155783, at *1 (M.D. Fla. Mar. 14, 2013) ("Discrimination includes the 'failure to remove architectural barriers [to access] … where such removal is readily achievable.'") (citing 42 U.S.C. § 12182(b)(2)(A)(iv)). If a public establishment violates the ADA requirements, then a court may issue an injunction requiring a defendant "to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." National Alliance for Accessibility, 2011 WL 5975809 at *1 (citing 42 U.S.C. § 12182(b)(2)(A)(iv)). A prevailing plaintiff is not entitled to damages but may recover reasonable attorney's fees. Id.

On a motion for summary judgment in an ADA case, a plaintiff bears the initial burden of production to demonstrate that an architectural barrier exists and that removal is readily accessible. Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1273 (11th Cir. 2006). If a plaintiff is able to meet this burden, then a defendant has the opportunity to rebut by having the opportunity to prove that removal of the barriers could not be accomplished without difficultly or expense. Id. at 1275. A defendant could also moot the requested injunctive relief if the property becomes compliant with the ADA after the filing of the lawsuit. National Alliance for Accessability, Inc., 2011 WL 5975809, at *3 (nothing that "[f]ederal courts have dismissed ADA claims as moot when the alleged violations have been remedied after the initial filing of a suit seeking injunctive relief.")

(quoting Norkunas v. Tar Heel Capital Wendy's LLC, No. 5:09-cv-00116, 2011 WL 2940722, at *3 (W.D. N.C. July 19, 2006)).

Houston asserts it is entitled to summary judgment because Hess maintains a place of public accommodation that has numerous barriers to individuals with disabilities in violation of the ADA. On September 9, 2013, Peter Lowell performed an ADA compliance inspection of the Hess property. (Doc. #36-2, at ¶2). Lowell found there were barriers on the Hess property but that these barriers could be remedied. (Doc. #36-2, at ¶3). Pursuant to his inspection, Lowell recommended that several changes be made to the Hess property in order for the facility to become compliant with the Code of Federal Regulations 28 (CFR) Part 36 ADA Standards for Accessible Design (hereinafter "ADAAG"). (Doc. #36-2, at 5-14). Lowell specifically recommended that Hess should remove a ramp in the parking lot and then fill where it was, repave the handicap parking spaces, replace the sidewalks in front of the store with a new walkway, wrap the pipes in the bathroom facility, replace the faucet knobs to the bathroom sink, lower the paper towel dispenser, change the toilet tank in the restroom so that the handles are placed on the side not closest to the wall, relocate the grab bar in the restroom, and relocate stock and equipment items that obstruct floor space in front of merchandise. (Doc. #36-2, at 5-14). Lowell included his estimates on the costs of the alterations as well. (Doc. #36-2, at 5-14).

Hess, however, contends that as of November 15, 2013, all of the complained of violations have been remedied and therefore, Houston no longer has standing to bring this action. (Doc. #46). Hess relies on a report conducted by David Goldfarb. (Doc. #45-2 (alleging that the barriers in the Complaint have been corrected and now comply with

the ADA, ADAAG, and FACBC)). Houston, however, contests that the Hess property still violates the ADA. (Doc. #55; Doc. #55-1). Plaintiff's inspector, Lowell, examined the Hess property again on February 9, 2014, but found the property still did not comply with the ADA standards. (Doc. #55-1). Lowell believes the November 15, 2013, inspection by Hess overlooked violations of the ADA or alternatively Hess has been unable to maintain the property in a state of compliance after this inspection. (Doc. #55).

The Parties directly contest whether the Hess property now complies with the required ADA standards. The Parties' independent inspections resulted in conflicting conclusions. There is evidence that the issues have been rectified and evidence that the issues remain. Accordingly, the Court finds there is a material dispute as to whether the Hess property currently violates the ADA. Whether the Hess property currently violates the ADA is important because if the property does not then Houston may no longer have standing to move forward with this lawsuit. Access for the Disabled, Inc. v. Pohlman, No. 2:06-cv-178-FtM-99SPC, 2007 WL 419640, at 2 (M.D. Fla. Feb. 2, 2007) (discussing that a party seeking injunctive relief must prove a real and immediate threat of future injury); National Alliance for Accessability, Inc. v. McDonald's Corp., No. 8:12-CV-1365-T-17TBM, 2013 WL 6408650, at *8 (M.D. Fla. Dec. 6, 2013) (discussing that the plaintiff's request for an injunction would be moot if the defendant's property was sincerely in compliance with the ADA standards after the complaint was filed, however, plaintiff did have standing to sue at the time the complaint was filed.). Consequently, Houston is not entitled to summary judgment.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Summary Judgment ([Doc. #36](Doc. #36)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of March, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record